UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GENERAL ELECTRIC CAPITAL
CORPORATION,

    Plaintiff,

v.

ONCOLOGY ASSOCIATES OF OCEAN
COUNTY LLC, et al.,

    Defendants.

RECEIVED
JAN 26 2012
AT 8:30 _____
WILLIAM T. WALSH
CLERK

Civil No. 10-1972 (AET)

**OPINION & ORDER**

THOMPSON, U.S.D.J.

I.    INTRODUCTION

This matter comes before the Court on Defendants Barbara Schneider and Oncology Associates of Ocean County's ("Oncology Associates") (collectively, "OAOC") Motion for an Emergency Stay Pending Appeal [docket # 69]. The Court has not received a response from Plaintiff General Electric Capital Corporation ("GECC"). Given the need for expediency, however, and for the reasons discussed below, this Court denies Defendants' motion.

II.    BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action. In brief, this matter arises out the purported failure of OAOC to make payments for its use of certain medical devices including the Varian Linear Accelerator (the "Varian") and a Goldseal Lightspeed QX/I with Oncology Package (the "Goldseal") pursuant to the terms of the Master Lease Agreement ("MLA") and attendant schedules entered into by OAOC and GECC.

Under the terms of the MLA, in the event of a default, GECC could, among other things, (1) declare the aggregate rents payable under any and all schedules to the MLA immediately due and payable, (2) take possession of any leased equipment, and/or (3) remove such equipment from its present location. (*See* MLA ¶ 9(b), Compl. Ex. 1) [1-1].

On April 16, 2010, after several monthly payments in arrears, GECC initiated the instant litigation against OAOC and other named defendants for breach of contract [1]. Shortly thereafter, on June 1, 2010, GECC filed a motion for replevin to exercise its rights under paragraph 9(b)(iv) of the MLA to take possession of the Varian and Goldseal devices [13]. Although the parties attempted settlement negotiations, ultimately these settlement discussions broke down and GECC renewed its request for an order of replevin. (R&R, at 3–4). Magistrate Judge Bongiovanni instructed OAOC to respond to GECC's request for replevin. (*Id.* at 4). OAOC responded by filing a motion to stay proceedings and for appropriate equitable relief [27].

On May 25, 2011, Magistrate Judge Tonianne J. Bongiovanni held an evidentiary hearing on GECC's request for replevin, as well as OAOC's counter-motion for a stay. In the process of that proceeding Dr. Berkowitz, a co-guarantor on the note that is secured by the equipment and an individual defendant in the breach of contract action, participated in the hearing and gave testimony. After the hearing closed, the parties were directed to submit closing briefs. GECC and OAOC submitted closing briefs. Dr. Berkowitz did not submit a brief.

On August 22, 2011, Magistrate Judge Bongiovanni issued a report and recommendation that GECC's motion for replevin be granted. On September 13, 2011, OAOC submitted objections to the report and recommendation. Despite not filing an initial brief, on September 27, 2011, Dr. Berkowitz submitted a "reply brief" arguing in support of GECC's position [50]. In response, on October 3, 2011, OAOC moved to strike Dr. Berkowitz's reply [52]. Dr.

Berkowitz opposed this motion [53]. Before the briefing schedule for the motion to strike was completed, on October 21, 2011, OAOC filed a Motion for a New Hearing and Immediate Stay to Conduct Discovery into the allegedly "Improper Stealth Agreement Between Co-Defendant Berkowitz and Plaintiff GECC." Dr. Berkowitz [55] and GECC [56] separately filed oppositions to this motion.

On December 12, 2011, the Court denied Defendants' Motions for a New Hearing and for a Stay, and adopted Magistrate Judge Bongiovanni's August 22, 2011 Report and Recommendation, holding that the Varian and Goldseal devices were not intended to be fixtures and as such could be subject to replevin [60]. Noting the procedural deficiencies of the Dr. Berkowitz submission, the Court disregarded the reply and the attached certification and exhibits for the purposes of its review. (Dec. 12, 2011 Op., at 3-4).

Subsequently, Defendants appealed the Court's decision [64]. On January 20, 2012, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction, noting that Defendants had failed to file a motion to stay the District Court's order pending appeal, as required by Fed. R. App. P. 8 [68]. Defendants now seek an emergency stay pending appeal.

### III. DISCUSSION

Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). In order for a stay to be granted, the movant must demonstrate the likelihood of prevailing on the merits, that the movant will suffer irreparable harm if the stay is denied, that the other party will

not be substantially harmed by the stay, and that the public interest will be served by granting the stay. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991); Fed R. Civ. P. 62.

Defendants have argued that in considering this motion, the Court should give "paramount consideration" to the fact that replevin in this case may cause OAOC to immediately and permanently shutter, discharging its twenty employees and closing its doors to the patients depending on OAOC's continued operations for their cancer treatment. (Defs.' Mot. at 2). However, "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Nken v. Holder*, 129 S. Ct. 1749, 1757(2009) (internal citations omitted). Because a stay is not a matter of right, but rather "'an exercise of judicial discretion,'" the applicant "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 1760–61.

Even assuming *arguendo* that OAOC has shown sufficient possibility of irreparable injury and that the other party would not be substantially harmed by the stay, the Court must consider whether the movant has demonstrated the likelihood of prevailing on the merits as well as whether the public interest will be served in determining whether to issue a stay. *See Republic of Philippines*, 949 F.2d at 658. While OAOC contends that it has raised serious contentions with the procedural fairness and due process of the Court's decision, giving it a "reasonable potential for success," this position cannot be reconciled with the Supreme Court of the United States' requirement of a "*strong showing on the merits.*" *Id.* at 1761 (emphasis added). OAOC essentially has obscured the question of the Court's fixtures analysis with a fishing expedition concerning the underlying relationship between GECC and Dr. Berkowitz, whose submission the

Court did not consider in rendering its judgment.[1] Having considered the OAOC's arguments, the Court concludes that OAOC has failed to make the requisite "strong showing" of the likelihood of its appeal to succeed on the merits.

Nor is the Court convinced that the public interest would be best served by the issuance of a stay. As the Court noted in its December 12, 2011 Opinion, GECC's repossession of the Varian and Goldseal devices has been anything but immediate. (Dec. 12, 2011 Op., at 11). GECC's motion for replevin was filed over nineteen months ago. OAOC has known since that time that GECC could be granted permission to repossess the medical devices and could have prepared for such a contingency. And indeed, as the Court noted, other than a few limited payments as part of the parties' settlement negotiations, OAOC has continuously failed to make payments that have come due since that time. (*Id.*) While this Court is not unsympathetic to the circumstances of the OAOC employees who risk job loss in the face of a replevin order or the cancer patients who may need to find other healthcare facilities and/or providers, OAOC's actions to date have not suggested that another path would do anything but delay the inevitable. The Court cannot permit OAOC to continue to enjoy access to the medical devices at issue without the concomitant responsibility of paying for that access. Consequently, Defendants have failed to meet their burden for obtaining a stay pending appeal.

---

[1] OAOC makes much ado about the fact that the Court did not strike the Dr. Berkowitz pleading from the record. *See* (Defs.' Mot. at 8-10). As an initial matter, motions to strike are generally directed at pleadings, *see* Fed. R. Civ. P. 12(f), not at motions, briefs, or other filings. *See Litgo New Jersey, Inc. v. Martin*, No. 06-2891, 2012 WL 32200, *11 (D.N.J. Jan 05, 2012); *Zaloga v. Provident Life and Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) ("Motions to strike are decided on the pleadings alone."); *Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988) (Rule 12(f) "relates only to pleadings and is inapplicable to other filings."). Moreover, "motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J.2002) (citations omitted). Consequently, the Court disregarded the submission for the purposes of its review. *See Lombard v. MCI Telecomms. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) ("While some courts have employed Rule 12(f) to strike an affidavit or portions thereof, . . . there is no basis in the Federal Rules for doing so . . . . [A] Court should "*disregard*" inadmissible evidence, not strike that evidence from the record") (citations omitted).

IV.     CONCLUSION

For the above reasons, and for good cause shown,

IT IS on this ___ day of January, 2012,

ORDERED that Defendants' Motion for an Emergency Stay Pending Appeal [docket # 69] is DENIED.

_____
ANNE E. THOMPSON, U.S.D.J.