NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | Civ. No. 10-1972 |
| Plaintiff, | **OPINION** |
| v. | |
| ONCOLOGY ASSOCIATES OF OCEAN COUNTY, LLC, Michael MARCHESE, Barbara SCHNEIDER, Parvez DARA, and Steward BERKOWITZ, | |
| Defendants. | |

THOMPSON, U.S.D.J.

The present matter comes before the Court on the Motion of Plaintiff General Electric Capital Corporation (hereinafter, "GECC") for Summary Judgment against Defendant Barbara Schneider (hereinafter, "Schneider"). (Doc. No. 90).[1] Schneider opposes the motion. (Doc. No. 96). For the reasons stated herein, GECC's motion will be granted.

BACKGROUND

This is an action for costs, expenses, attorneys' fees, and other litigation costs suffered as a result of a failed repayment of a Master Lease Agreement.

On January 22, 2004, Defendant Oncology Associates of Ocean County (hereinafter, "OAOC") executed a lease agreement. (Doc. No. 90 at 5). The agreement provided that OAOC would lease from GECC medical equipment on a certain pay schedule. (*Id*.). Defendant Schneider signed the agreement as a guarantor of OAOC's payment obligations. (*Id*. at 6).

---

[1] GECC has settled with the other individual defendants named in this action. Defendant Oncology Associates of Ocean County is currently involved in bankruptcy proceedings.

1

The lease agreement provided that default would occur if scheduled payments were not made within ten days of the due date. (*Id*. at 6). In the event of default, GECC had the right to declare the entire sum immediately due and payable and take possession of any leased equipment. (Grimm Cert. at para 8).

The lease agreement also contained a provision for attorneys' fees. Specifically, Schneider and OAOC agreed to "pay GE Capital's actual attorneys' fees incurred in connection with the enforcement, assertion, defense or preservation of GE Capital's rights and remedies under the Lease Agreement."[2] (Doc. No. 90 at 7; Grimm Cert. at para. 9). GECC sought $1,155,402.06 in its original Complaint for the default. GECC claims that it also incurred $156,294.81 in costs, expenses, and attorneys' fees. (Doc. No. 90 at 7). GECC claims that it was able to recoup $1,215,000.00 of its damages, leaving an amount of $96,696.87 in damages.

DISCUSSION

1. *Legal Standard for Summary Judgment*

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law [. . .]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983). The movant

---

[2] Schneider's response to Plaintiff's statement of material facts does not deny this statement. Her response merely states that "the document speaks for itself." (Doc. No. 96 at 1, 2).

"always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment.").

*2. Analysis*

"In general, New Jersey disfavors the shifting of attorneys' fees." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (2009) (citations omitted). However, "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard–Bamberger & Co., Inc. v. Collier,* 167 N.J. 427, 440 (2001). "When the fee-shifting is controlled by a contractual provision, the provision should be strictly construed in light of our general policy disfavoring the award of attorneys' fees." *Litton Indus., Inc.*, 200 N.J. at 385.

Here, the lease agreement states that Schneider would "pay GE Capital's actual attorneys' fees incurred in connection with the enforcement, assertion, defense or preservation of GE Capital's rights and remedies under the Lease Agreement." (Doc. No. 90 at 7; Grimm Cert. at para. 9). GECC has submitted signed affidavits demonstrating the costs it incurred as a result of this litigation.

CONCLUSION

For the reasons set forth above, GECC's Motion for Summary Judgment will be granted.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.