NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ONCOLOGY ASSOCIATES OF OCEAN COUNTY, LLC, Michael MARCHESE, Barbara SCHNEIDER, Parvez DARA, and Steward BERKOWITZ,<br><br>Defendants. | Civ. No. 10-1972<br><br>**OPINION** |

THOMPSON, U.S.D.J.

The present matter comes before the Court upon the Motion of Defendant Michael J. Marchese (hereinafter, "Marchese") for Summary Judgment against Defendant Barbara Schneider (hereinafter, "Schneider") and Defendant Parvez Dara (hereinafter, "Dara"). (Doc. No. 91). Schneider opposes the motion. (Doc. No. 95). Dara has not opposed the motion. For the reasons stated herein, Marchese's motion will be granted.

BACKGROUND

The issues currently before the Court involve an indemnity provision contained in a written Buyout Agreement signed by Defendants Marchese, Schneider, and Dara.[1]

In 2004, Defendant Oncology Associates of Ocean County (hereinafter, "OAOC") and OAOC's principals entered into a Master Lease Agreement and Security Agreement (hereinafter,

---

[1] This Opinion focuses only on the dispute between Defendant Marchese and Defendants Schneider and Dara; it does not address the merits of the underlying dispute between Plaintiff and Defendants.

1

"the Agreements") for the lease of medical equipment from Plaintiff General Electric Capital Corporation (hereinafter, "GECC"). (Doc. No. 91 at 4). Marchese was a principal of OAOC and a guarantor of OAOC's obligations under the Agreements. (*Id.*).

In March of 2007, Marchese withdrew his membership interest from OAOC. Marchese effectuated this withdrawal from OAOC through a "Buyout Agreement" in which Schneider and Dara acquired Marchese's interest in OAOC. (*Id.*). The Buyout Agreement also contained an indemnity provision, which states in relevant part:

> OAOC, Dara and Schneider each hereby covenant and agree to defend, indemnify and hold Dr. Michael Marchese harmless from and against any and all loss, liability, damage, or expense arising out of, or resulting from, any and all Debts, liabilities or obligations of OAOC, or Dr. Michael Marchese's exposure to [the] same including, but not limited to, any and all Debts and liabilities of OAOC to any individuals or entities and all guaranties executed by Dr. Marchese relating thereto.
>
> This indemnification includes, but is not limited to, the obligation to defend Dr. Michael Marchese against any claims which may be brought against him (including the payment of reasonable attorney fees, expenses, and all other costs of defense), as well as the cost of paying any settlement or judgment on account of such claims.

(Doc. No. 91, Ex. 4, Gadhok Certification at 8).

In January 2010, the loan obligation to GECC went into default. On April 16, 2010, GECC filed the present action seeking to enforce the terms of those agreements against the guarantors – OAOC, Dara, Schneider, Marchese, and Berkowitz. (Doc. No. 1).

Marchese filed a Crossclaim for indemnification against Schneider and Dara, claiming that the terms of the Buyout Agreement require Schneider and Dara to pay for any damages Marchese suffered as a result of his role as guarantor. Marchese then engaged in negotiations with GECC and eventually entered into a settlement agreement with GECC in the amount of $190,000. Relying on the terms of the Buyout Agreement, Marchese moves for indemnification

with respect to the settlement amount of $190,000 and "reimbursement of all attorneys' fees, expenses and costs incurred by him in this action." (Doc. No. 91 at 6).

## DISCUSSION

*I. Legal Standard for Summary Judgment*

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law [. . .]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment.").

*II. Analysis*

   a. <u>Indemnification</u>

Marchese claims that the terms of the Buyout Agreement require that Schneider and Dara indemnify him for the settlement with GECC. Schneider raises three arguments against indemnification: (1) the terms of the Buyout Agreement do not make Schneider liable to Marchese; (2) the Buyout Agreement should be voided due to fraud; and (3) Marchese failed to properly mitigate his damages.

   **1. Terms of the Buyout Agreement**

The Buyout Agreement expressly states that it is governed by New Jersey law and no party disputes the applicability of New Jersey law to the terms of the Buyout Agreement. (*See* Doc. No. 91, Ex. 4, Gadhok Certification at 8). Under New Jersey law, "where the terms of a contract are clear and unambiguous, there is no room for interpretation or construction and the court must enforce those terms as written." *Sons of Thunder, Inc. v. Dorden, Inc.*, 285 N.J. Super. 27, 48 (App. Div. 1995). Indemnification provisions are interpreted in accordance with the same general rules governing the construction of contracts. *See Kieffer v. Best Buy*, 205 N.J. 213, 223 (2011) ("[i]f an indemnity provision is unambiguous, then the words presumably will reflect the parties' expectations").

Here, Marchese was named in the present action because he was a guarantor in the Master Lease Agreement and Security Agreement, which involved the lease of medical equipment to OAOC. Marchese eventually settled with GECC in the amount of $190,000. The Buyout Agreement expressly stated that "OAOC, Dara and Schneider each" agree to indemnify Marchese "against any and all . . . expense arising out of, or resulting from any and all Debts, liabilities or obligations of OAOC, or Dr. Michael Marchese's exposure to [the] same including,

4

but not limited to . . . all guaranties executed by Dr. Marchese relating thereto." (Doc. No. 91, Ex. 4, Gadhok Certification at 8). Accordingly, the terms of the Buyout Agreement require that OAOC, Dara, and Schneider each indemnify Marchese for the settlement amount of $190,000.

## 2. Fraud

Schneider also claims that the Buyout Agreement should be voided because Schneider was fraudulently induced to sign the Buyout Agreement. Fraudulent inducement is a valid ground for recession of a contract. *Ramapo Bank v. Bechtel*, 224 N.J. Super. 191, 197 (App. Div. 1988). To prevail on a claim of fraudulent inducement, a party must show that the opposing party "knowingly omitted material facts in the execution of the [relevant contract]." *The Mall at IV Grp. Props., LLC v. Roberts*, 2005 WL 3338369, at *1 (D.N.J. Dec. 8, 2005); *EUSA-Allied Acquisition Corp. v. Teamsters Pension Trust Fund of Phila. & Vicinity*, 2011 WL 3651315 (D.N.J. Aug. 18, 2011).

Schneider alleges that she never would have signed the Buyout Agreement had she known that Marchese had deceived her in a separate deal. Specifically, Schneider claims that Marchese and Berkowitz fraudulently induced Schneider to "execute the Buyout Agreement by intentionally misleading Dr. Schneider regarding the refinancing of a loan to Dover Real Estate Holdings, LLC." (Doc. No. 95 at 18). Schneider does not show how Marchese's alleged fraud in a different matter constitutes a knowing omission of a material fact with respect to the Buyout Agreement, which concerned Marchese's interests in OAOC. Therefore, Schneider has not provided sufficient proof or allegations to show fraudulent inducement.

## 3. Breach of Good Faith

Schneider argues that, even if Marchese would have been entitled to indemnification under the Buyout Agreement, his failure to include Schneider in the negotiation settlements with

GECC is a breach of the covenant of good faith and fair dealing. "The covenant of good faith and fair dealing calls for parties to a contract to refrain from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.'" *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 224–25 (2005).

Here, Schneider does not show that Marchese acted in breach of the covenant of good faith and fair dealing. First, there is no evidence that Schneider was actively excluded from the negotiations. Schneider was copied in a letter which stated that GECC and Marchese were making "significant progress towards a negotiated settlement." (Doc. No. 100 at 12). Despite receiving this notice, there is no evidence or allegation that Schneider attempted to intervene in the negotiations at this point. There is also no evidence that Schneider objected to the idea of settlement or that she inquired into the amount of settlement.

Second, Schneider also fails to show that Marchese acted in bad faith. A party injured by a breach of contract is obligated to mitigate damages. *See Ingraham v. Trowbridge Builders*, 297 N.J. Super. 72, 82 (App. Div. 1997). Marchese states, and Schneider does not dispute, that Marchese faced a maximum individual liability of $475,000 to GECC for his role as a guarantor. Marchese engaged in lengthy negotiations with GECC and was able to reach a settlement in the amount of $190,000. For the reasons set forth above, Schneider provides insufficient proof and allegations to support a finding that Marchese breached the covenant of good faith and fair dealing.

4. **Mitigation**

Schneider claims that "Marchese failed to include []Schneider in settlement discussions and thus failed to take a reasonable step necessary to mitigate []Schneider's potential damages to []Marchese pursuant to the Buyout Agreement."  (Doc. No. 95 at 29).

"It is well settled that injured parties have a duty to take reasonable steps to mitigate damages." *Ingraham*, 297 N.J. Super. at 82–83 (citations omitted).  "Damages will not be recovered to the extent that the injured party could have avoided his losses through reasonable efforts 'without undue risk, burden or humiliation.'" *Id*. at 83 (citations omitted).  "[T]he burden of proving facts in mitigation of damages rest[s] upon the party breaching the contract." *Id*. at 83.

Here, Schneider claims that Marchese failed to mitigate Schneider's potential damages "pursuant to the Buyout Agreement" by failing to include Schneider in the settlement discussions with GECC.  Schneider claims that, had she been included in the discussions, she could have lowered the settlement amount by pointing out various examples of misconduct engaged in by GECC and by pointing out her own inability to pay any large settlement.  Nothing in the record suggests that Schneider offered to assist Marchese in the settlement negotiations or that she informed Marchese after the suit was filed that she intended to indemnify him for this settlement.  Thus, Schneider's argument is that Marchese acted unreasonably by failing to include her in settlement negotiations, even though she refused to indemnify Marchese and had no contractual authority to accept or reject the settlement.  Moreover, Schneider provides no proof that her participation in the settlement discussions would have lowered the settlement amount.  For instance, Schneider did not allege or show that Marchese did not point out Schneider's financial situation and the examples of misconduct, nor did she show that these examples of misconduct

would have had any effect on the final settlement amount. Therefore, Schneider does not provide facts upon which a reasonable jury could rely in finding a failure to mitigate.

    b. <u>Attorney Fees</u>

Marchese also moves for summary judgment with respect to attorneys' fees. "In general, New Jersey disfavors the shifting of attorneys' fees." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (2009) (citations omitted). However, "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard–Bamberger & Co., Inc. v. Collier,* 167 N.J. 427, 440 (2001). "When the fee-shifting is controlled by a contractual provision, the provision should be strictly construed in light of our general policy disfavoring the award of attorneys' fees." *Litton Indus., Inc.*, 200 N.J. at 385.

Here, the Buyout Agreement states that Schneider and Dara had an "obligation to defend Dr. Michael Marchese against any claims which may be brought against him (including the payment of reasonable attorney fees, expenses, and all other costs of defense), as well as the cost of paying any settlement or judgment on account of such claims." (Doc. No. 91, Ex. 4, Gadhok Certification at 8). The attorneys' fees and other costs incurred in the litigation against GECC and the litigation against Schneider and Dara stem from Marchese's role as a guarantor and Schneider's and Dara's breached obligation to indemnify Marchese. Therefore, Marchese is entitled to reasonable "attorney fees, expenses, and all other costs of defense" arising out of his litigation and settlement with GECC and his Crossclaim against Schneider and Dara.

## CONCLUSION

For the reasons set forth above, Marchese's Motion for Summary Judgment will be granted.

                                                */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.