UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ONCOLOGY ASSOCIATES OF OCEAN COUNTY, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 10-1972 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Barbara Schneider's ("Schneider") unopposed Motion to Cancel and Discharge Judgments entered in favor of Plaintiff General Electrical Capital Corporation ("GECC") and Defendant Michael J. Marchese ("Marchese") pursuant to N.J. Stat. Ann. 2A:16-49.1. (ECF No. 109.) The Court has carefully considered Schneider's submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons outlined below, the Court grants Schneider's motion.

On September 25, 2014, United States District Judge Anne E. Thompson granted GECC's motion for summary judgment against Schneider and awarded GECC $96,696.87 in attorneys' fees and other litigation costs. (Schneider Cert. ¶ 2, ECF No. 109-1; *see also* Ex. A, ECF No. 109-2.) The same day, Judge Thompson granted Marchese's motion for summary judgment against Schneider, entering an award of $242,554.80 in Marchese's favor. (Schneider Cert. ¶ 3; *see also* Exs. B and C, ECF No. 109-2.)

Subsequent to the filing of these judgments against her, on August 13, 2015, Schneider filed a petition under Chapter 7 of the United States Bankruptcy Code in the District of New Jersey Bankruptcy Court. (Schneider Cert. ¶ 4.) In her bankruptcy filing, Schneider stated that GECC and

Marchese held unsecured nonpriority claims in the amounts stated above. (*Id.*; *see also* Ex. D, ECF No. 109-2.) On December 4, 2015, United Sates Bankruptcy Chief Judge Michael B. Kaplan entered an order discharging all of Schneider's dischargeable debt, including the judgments entered by this Court. (Schneider Cert. ¶¶ 5-6.; *see also* Ex. E, ECF No. 109-2.)

Schneider argues the judgment against her should be cancelled pursuant to N.J. Stat. Ann. 2A:16-49.1, which provides:

> At any time after 1 year has elapsed, since a bankrupt was discharged from [her] debts, pursuant to the acts of Congress relating to bankruptcy, [s]he may apply, upon proof of [her] discharge, to the court in which a judgment was rendered against [her], or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record.

Schneider certifies that more than one year has elapsed since the discharge of her debts. (Schneider Cert. ¶ 6.) Schneider moved to cancel and discharge the judgment in the very court that issued the original judgment. (*Id.* ¶¶ 2-3, 8.)

The Court concludes that cancellation of the judgment entered against Schneider is appropriate pursuant to N.J. Stat. Ann. 2A:16-49.1. *See generally Quality King Fragrance, Inc. v. Barbanel*, No. 06-367, 2017 WL 3259809, at *3 (D.N.J. Feb. 7, 2017); *Midlantic Nat'l Bank v. Vessel Canadian Star*, No. 91-4179, 2009 WL 936773, at *2 (D.N.J. Apr. 6, 2009). Accordingly,

IT IS, on this 14th day of November, 2023, **ORDERED** as follows:

1. The Clerk's Office shall reopen this matter for consideration of Schneider's Motion.

2. Schneider's Motion (ECF No. 109) is **GRANTED**.

3. The Clerk's Office shall close this matter.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE